IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**LISA M.L. MANGUM**,

        Plaintiff,	No. CV 09-860-SU

v.	OPINION AND ORDER

**METROPOLITAN LIFE INSURANCE COMPANY and EDWARD D. JONES INVESTMENT COMPANY**,

        Defendants.


**MOSMAN, J.**,

        On September 29, 2010, Magistrate Judge Sullivan issued her Findings and Recommendation ("F&R") (#54) in the above-captioned case recommending that I grant plaintiff's Motion for Partial Summary Judgment on the issue of standard of review (#30), and that I deny defendants' Motion for Partial Summary Judgment on the same issue (#25). Defendants filed objections (#58) to which plaintiff responded (#62). I also asked for supplemental letter briefing on the issue of whether the Summary Plan Description ("SPD") was adequately furnished to Ms. Mangum, which the parties filed concurrently on January 14, 2011 (#65 and #66).

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

I agree with the F&R that defendants must rely on the SPD here to confer discretionary authority on Metropolitan Life Insurance Company ("MetLife"). F&R 6–18. I further agree with the F&R that the SPD here did not accomplish a grant of discretionary authority. However, I reach that conclusion primarily on the grounds that MetLife did not adequately furnish the SPD to Ms. Mangum, and therefore may not rely on that document to confer discretionary authority.

The ERISA statute requires that "the [plan] administrator . . . furnish to each participant . . . a copy of the [SPD] . . . within 90 days after [s]he becomes a participant." 29 U.S.C. 1024(b)(1). Here, Ms. Mangum presents evidence that she became a participant in the plan in question on January 1, 2005. (Pl.'s Supp. Br. (#65) 1–2.) Defendants do not provide any

evidence to the contrary.  Therefore, I assume that defendants had until April 1, 2005 to furnish the SPD to Ms. Mangum.  Ms. Mangum's unrebutted evidence shows that she was not furnished the SPD by that date.  (Mangum Aff. (#41) ¶ 3.)

In response, defendants argue: (1) Edward Jones made the SPD available to its employees on an intranet site; (2) on July 19, 2005, Edward Jones sent a notice to all Investment Representatives (presumably including Ms. Mangum), directing them to that intranet site; (3) Ms. Mangum admits that she actually accessed the SPD on that intranet site sometime shortly before April 2006; and (4) even if Edward Jones failed to meet the procedural requirements for furnishment of the SPD, such a notice defect is not the kind of procedural defect that might trigger de novo review.

Defendants' first three arguments are foreclosed by 29 U.S.C. 1024(b)(1)(A)'s time limit and 29 C.F.R. § 2520.104b-1(c)(1)(i), which requires that in order for disclosure through electronic media to be adequate, the administrator must take "appropriate and necessary measures reasonably calculated to ensure that the system for furnishing documents . . . [r]esults in actual receipt of transmitted information (e.g., using return-receipt or notice of undelivered electronic mail features, conducting periodic reviews or surveys to confirm receipt of the transmitted information)."  That is, the intranet site itself was inadequate to satisfy the notice requirement, without more.  *See* 29 C.F.R. § 2520.104b-1(c)(1)(i); *Gertjejansen v. Kemper Ins. Co.*, 274 Fed. Appx. 569, 570 (9th Cir. 2008) (unpublished) (holding that "mere placement of an updated SPD on [an] intranet site," alone, could not satisfy the notice requirement).  The only actions MetLife took to apprise Ms. Mangum of the availability of the SPD on the intranet took place after April 1, 2005.  Specifically, defendants rely on an email notice in July 2005 (regarding which defendants mention no "return-receipt" or similar feature, as required by the

regulations), and the fact that Ms. Mangum eventually stumbled across the SPD in 2006 when she began thinking about filing a claim. Defendants offer no reason why those late means of notice would satisfy the notice requirement, and I find that the SPD was not timely furnished to Ms. Mangum under the regulations.

Defendants' fourth argument—that a defect in notice is inadequate to negate an abuse of discretion standard—is likely correct, as far as it goes, but largely misses the point. This is not a case where a defendant has already established that the plan documents unambiguously confer discretionary authority and the court must weigh various factors—including procedural defects and conflicts of interest—to determine whether to revert back to de novo review or to apply abuse of discretion review with some level of skepticism. *See generally Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115–19 (2008); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971 (9th Cir. 2006). Rather, in this case, the court must analyze whether the plan documents did, in fact, grant discretionary authority to MetLife in the first place.

Here, I find that the SPD did not grant discretionary authority to MetLife in the first instance, because the SPD was not timely furnished to Ms. Mangum. I need not address the question whether a notice defect would somehow *negate* the abuse of discretion standard had defendants already established that the plan granted MetLife discretionary authority. The regulations required the SPD to be furnished within 90 days after Ms. Mangum became a participant in the plan. 29 U.S.C. 1024(b)(1)(A). Defendants have not presented evidence to rebut Ms. Mangum's evidence that the plan was not furnished within the 90-day time limit. Therefore, I find that the SPD was not timely furnished, and defendants therefore may not rely on the language of the SPD to confer discretionary authority.

As many courts have noted, the SPD is the primary way in which plan participants are apprised of their rights and obligations under the contract. *See, e.g.*, *Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 903 (9th Cir. 2009) (explaining that the SPD "is the statutorily established means of informing the participants of the terms of the plan") (internal citations and quotations omitted). Thus, if a plan administrator expects a grant of discretionary authority in an SPD to bind plan participants, timely notice is essential. That a plan participant may eventually get notice or come across the SPD does not address this concern.

Because I agree with the F&R that the SPD was defendants' only potential avenue for asserting discretionary authority, and I conclude that the SPD did not do so here, I must conclude that de novo review is required.

## CONCLUSION

Upon review, I ADOPT IN PART Judge Sullivan's F&R (#54) as my own opinion as explained above, I GRANT plaintiff's Motion for Partial Summary Judgment (#30), and I DENY defendants' Motion for Partial Summary Judgment (#25). That is, I conclude that a de novo standard of review applies regarding defendants' denial of benefits to Ms. Mangum.

IT IS SO ORDERED.

DATED this __3rd__ day of February, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court